SARA R. FOOTE, Appellant, vs. MARY YARLOTT et al.
Appellees.

*Opinion filed June 18, 1908.*

APPEALS AND ERRORS—*when order taking case under advisement will be set aside and cause continued.* Where the Supreme Court, after granting a stipulated motion to file the briefs used in a former case and entering an order of its own motion consolidating two cases involving the same transaction, finds that its conclusion was incorrect and that the briefs do not cover the questions involved, and that the order taking the case under advisement was inadvertently entered, such orders will be set aside and the cause continued, with leave to the parties to file new briefs.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

HENRY W. LEMAN, and FRANK H. CULVER, for appellant.

HERMAN W. STILLMAN, for appellees.

Per CURIAM: Sara R. Foote, hereinafter referred to as complainant, filed her bill in the superior court of Cook county to foreclose a trust deed on the south half of a certain lot in the city of Chicago. Nora Marggraf, hereinafter referred to as defendant, was the owner of the north half of the lot. The entire lot was covered by a three-story flat-building. The complainant by her bill averred that the mortgage was a lien upon easements of passage and heat in the north half of the lot. This averment the defendant denies. The superior court originally entered a decree of foreclosure upon the south half of the lot, denying any relief so far as the easements claimed in the north half of the lot were concerned. The complainant being dissatisfied with the extent of the relief thus afforded, appealed to the Appellate Court, where the defendant moved to dismiss the appeal on the ground that a freehold was involved, and that

the appeal should therefore have been taken directly to this
court. That motion was denied, and the Appellate Court,
on February 19, 1907, entered a judgment reversing the
decree of the superior court and remanding the cause to
that court for further proceedings consistent with the views
expressed in the opinion of the Appellate Court, by which
opinion it was held that complainant was entitled to a de-
cree of foreclosure covering and including the easements
in question. Thereafter, and on the second day of July,
1907, the defendant sued out of this court a writ of error
to review the judgment of the Appellate Court. That writ
did not operate as a *supersedeas.* The cause in this court
was numbered 5589. On consideration thereof we con-
cluded that a freehold was involved, and by a judgment
entered here on February 20, 1908, (*Foote* v. *Marggraf,*
233 Ill. 48,) reversed the judgment of the Appellate Court
and remanded the cause to that court, with directions to
enter an order transferring the cause to this court, in ac-
cordance with section 102 of the Practice act of 1907.
(Laws of 1907, p. 464.) The cause was then re-docketed
in the Appellate Court. An order was entered, in accord-
ance with our direction, on March 27, 1908. The tran-
script therein was then transmitted to this court and the
cause was again docketed here under No. 6085. In the
meantime, after the entry of the original judgment of the
Appellate Court, the cause was re-docketed in the superior
court. An answer filed by the defendant was stricken.
Her motion that she be dismissed as a defendant was de-
nied, and on July 1, 1907, a decree of foreclosure was en-
tered, directing that if the debt be not paid the south half
of the lot, together with the claimed easements in the north
half, be sold for the satisfaction of the debt. From that
decree the defendant appealed to the Appellate Court for
the First District, and after the opinion of this court was
filed in the cause brought here by writ of error, being
No. 5589, an order was entered in the Appellate Court

transferring the record brought there by the defendant, Nora Marggraf, by appeal from the decree of July 1, 1907, to this court, where it has been docketed as No. 6086, and is entitled *Foote* v. *Marggraf.* On April 9, 1908, both complainant and defendant moved in 6085 for leave to file therein as abstracts and briefs, copies of the abstracts and briefs originally filed in this court in 5589, and the motions were supported by the stipulation of the parties agreeing that this might be done. Concluding from the motions and the stipulation that the briefs and abstracts properly presented the questions now involved in 6085, that motion was allowed by us, and briefs and abstracts, copies of those originally filed in 5589, were accordingly, on April 9, 1908, filed in this court as the briefs and abstracts in 6085. On the same day, in 6086 the defendant moved that the parties be excused from filing briefs in that cause, and that the decree of the superior court entered on July 1, 1907, be reversed and the cause (6086) be remanded to the superior court, with directions to vacate the order re-docketing the cause, which order had been entered pursuant to the original judgment of the Appellate Court, which original judgment of the Appellate Court had thereafter been reversed by this court. This motion, that the parties be excused from filing briefs in 6086 and that the decree of July 1, 1907, be reversed and the cause be remanded, was denied, and the court of its own motion consolidated 6086 with 6085.

The decree of the superior court that is before us for review in 6085 determines the question in regard to the easements against the complainant and refuses a decree of foreclosure as to such alleged easements. The decree of the superior court that is before us for review in 6086 determines the same question against the defendant, and directs the sale of the claimed easements in the event of default in the payment of the sum found due by the decree. This anomalous situation results not from any action of

the superior court that could be unfavorably criticised, but is one of the conditions liable to be brought about by the provisions of our Practice act.

The errors assigned in 6086 by the defendant present material questions that are in nowise involved in 6085, although the principal question arising upon the merits is in both cases the same. The briefs and arguments in 6085, being copies of the briefs and arguments in 5589, do not touch upon the questions in 6086 which are not involved in 6085, and do not give a history of the litigation during the period that has transpired since the writ of error was sued out of this court in 5589. No briefs have been filed in 6086. Ordinarily, where cases are consolidated they are thereafter to be treated as one case and but one set of briefs should be filed. (*Gillett* v. *Chicago Title and Trust Co.* 230 Ill. 373.) In this case, however, the court by its order having permitted copies of briefs in 5589 to be filed in 6085, the record might thereafter have been made complete had briefs been filed in 6086 dealing with the additional questions raised in that case. The consolidation of the cases did not justify the parties in refraining from presenting briefs dealing with such additional questions. Upon examination of the copies of the briefs and arguments filed in 5589 we find, however, that our conclusion based upon the motions and stipulation of parties was not correct and that such briefs do not properly present the questions arising in 6085, in that they are not confined to those questions. They deal with the question whether a freehold is involved in the controversy when that matter has already been disposed of. They also discuss at some length the opinion filed by the Appellate Court when the case was first there, for the purpose of assisting us in determining whether the original judgment entered by the Appellate Court correctly disposed of the case upon its merits. This discussion is academic, as that judgment has been reversed.

The order taking the cases under advisement was inadvertently entered and will be set aside. The order permitting the parties to file in 6085 briefs and arguments copies of those filed in 5589 will also be set aside and such briefs and arguments now on file herein will be stricken from the files. Complainant, being the party who appealed from the first decree entered by the superior court, will be given until the 15th day of July in which to file a brief and argument covering the questions raised by the assignments of error in 6085 and 6086. The defendant will have until July 30 in which to file her brief and argument covering like assignments, and complainant will then have ten days in which to reply. The abstracts are not exactly in accord with our rules, but as they enable us to ascertain the questions involved we will not of our own motion disturb them. The causes as consolidated will be continued.

*Briefs stricken.*